CHARLES H. HODSON AND WIFE *vs.* LIBERTY KILGORE.

Oxford. Opinion March 6, 1885.

*Trespass. Sheep.*

In trespass for damage done by the defendant's sheep to the plaintiff's close, if it is admitted that the sheep were upon the plaintiff's land, the burden is upon the defendant to show some justification or excuse; and if they entered from the highway, and no justification or excuse is shown for their being in the highway, the plaintiff is entitled to damages.

ON REPORT.

Trespass *quare clausum* for damage done to plaintiffs close in Waterford, in the month of April, 1882, by the defend-

ant's sheep. Damages claimed, fifteen dollars. The facts as found by the court are sufficiently stated in the opinion.

, *Seward S. Stearns*, for the plaintiffs.

*C. A. Chaplin*, for the defendant.

WALTON, J. It being an admitted fact that the defendant's sheep were several times upon the plaintiff's land within the time mentioned in the declaration, the burden of proof is upon the defendant to show some justification or excuse for their being there. This he attempts to do by evidence that they escaped from his own close into the plaintiff's through a defective partition fence which it was the duty of the plaintiff to maintain. The evidence upon this point is conflicting, and it is difficult to say on which side it preponderates. There is no doubt that the sheep sometimes entered upon the plaintiff's close through the piece of fence in question; but whether it was the duty of the plaintiff or the defendant to keep that piece of fence in repair is not so easily decided. And we do not find it necessary to decide it; for we think the evidence fairly preponderates in favor of the proposition that one or more times the sheep entered upon the plaintiff's premises from the highway; and for these entries no justification or excuse is shown. True, it may be, as contended by the defendant's counsel, that in these instances the sheep first entered upon the plaintiff's close through the piece of fence in dispute, and then strayed from there into the highway, and then back into the plaintiff's close, so that, if it was the duty of the plaintiff to keep this piece of fence in repair, it was his fault that they were in the highway. But of this we are not satisfied. We think the evidence fairly preponderates in favor of the proposition that the sheep were first in the highway through the defendant's fault, and then entered upon the plaintiff's close from the highway; and, for such an entry, as already stated, there seems to be no justification or excuse. Our conclusion therefore is that the action is maintained, and that the plaintiff is entitled to recover some damages.

*Judgment for plaintiff for ten dollars damages.*

PETERS, C. J., VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.